UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BERNARD THOMAS KENNEDY, JR.

    Plaintiff,                 **JURY TRIAL**

V.                                                CIVIL ACTION NO

OXFORD COLLECTION AGENCY INC.

Defendant.                                     MARCH 15, 2010

**COMPLAINT**

    1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder; and the Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. § 42-110a.

    2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

    3. Plaintiff is a natural person who resides in Branford, CT.

    4. Plaintiff is a consumer within the FDCPA.

    5. Defendant is a debt collector within the FDCPA and has a principal place of business located at 135, Maxess Road, Melville, NY 11747.

    6. Defendant communicated with plaintiff March 4, 2010 in connection with collection efforts with regard to plaintiff's disputed personal debt.

    7. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the plaintiff's right to orally dispute a debt.

8. Plaintiff's Counsel sent a letter via facsimile and & U.S. Mail to the Defendant on March 4, 2010 advising of our representation of the Plaintiff and a pre-suit demand.

9. The Defendant contacted the Plaintiff despite notice of his legal representation provided on March 4, 2010 and attempted to collect the dispute debt on March 12, 2010, in violation of the FDCPA's prohibition.

10. On March 12, 2010, the Plaintiff inquired as to the Defendants contact notes and the previous oral advisement of his representation and the Defendant advised the Plaintiff there was no notes of the conversation.

11. On March 4, 2010, Plaintiff took contemporaneous notes of the conversation and who he spoke to and was transferred to a manager named Benjamin Benson an employee of the Defendant.

12. The Plaintiff was advised on March 12, 2010 there was no notes of that conversation and that communication on March 4, 2010 never took place.

13. The Defendant intentionally doctored their notes or in the alternative negligently left out a material communication between the Plaintiff and Defendant violating §1692e.

Second Count.

14. The allegations of the First Count are repeated and realleged as if fully set forth herein.

15. Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a et seq.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law including $1,000 statutory damages against the defendant;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law may provide

                                      THE PLAINTIFF

                                      BY_____
                                      Bernard T. Kennedy, Esquire
                                      157 Pine Orchard Road
                                      Branford, CT 06405
                                      (443) 607- 8901
                                      Fed. Bar # ct00680
                                      (443) 607-8903 Fax
                                      bernardtkennedy@yahoo.com